UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAD CLARK,<br>    *Plaintiff*,<br><br>v.<br><br>ANTONIO SANTIAGO; JOHN ALDI;<br>PAPOOSHA; FAUCHER; FELICIANO;<br>WARDEN; TAMARO; SCHNEIDER,<br>    *Defendants*. | 3:20-CV-1545 (SVN)<br><br><br><br><br><br>February 23, 2022 |

## ORDER OF DISMISSAL

Sarala V. Nagala, United States District Judge.

On October 13, 2020, Plaintiff Chad Clark filed a complaint pursuant to 42 U.S.C. § 1983 against various state corrections officials. ECF No. 1. On May 25, 2021, he filed an amended complaint against Director of Security Antonio Santiago, former Security Risk Group Coordinator John Aldi, current Security Risk Group Coordinator Papoosha, Correctional Officer Pain, Captain Cavanaugh, Warden Faucher, Warden Feliciano, Correctional Officer LaPrey, Warden Doe, Lieutenant Tamaro, and Lieutenant Schneider. ECF No. 19. Following its initial review of Plaintiff's amended complaint, ECF No. 20, the Court permitted certain constitutional claims to proceed against certain Defendants in their individual capacities for money damages, specifically: Plaintiff's Fourteenth Amendment due process claims that Tamaro, Schneider, Faucher, Feliciano, and Doe were deliberately indifferent to his safety and imposed punitive conditions of confinement pretrial; and his Fourteenth Amendment due process claim of supervisory liability with respect to Santiago, Aldi, and Papoosha. *Id.* at 12, 16–18.

The Court's Initial Review Order and Standing Order regarding Initial Discovery Disclosures, ECF Nos. 20 and 21, were sent to Plaintiff where he was incarcerated at MacDougall-

Walker Correctional Institution. However, while service of Defendants was pending, it came to the Court's attention that these mailings were returned by the U.S. Postal Service as undeliverable because Plaintiff has been discharged from custody. Local Rule 83.1(c) requires Plaintiff to notify the Court if he changes his address at any time during the litigation of this case, and his failure to do so may result in dismissal of the case.

On January 20, 2022, the Court ordered Plaintiff to file a notice confirming his current mailing address as required by Local Rule 83.1(c)(2). ECF No. 33. This Order advised Plaintiff that his failure to update his address may result in dismissal of the case. Defendants then moved for an extension of time until thirty days after Plaintiff updates his address to file a response to the complaint, which the Court granted. ECF Nos. 35, 36.

To date, Plaintiff has not updated his mailing address or otherwise prosecuted the case. Accordingly, this action is dismissed on the ground that Plaintiff has failed to provide the Court with notice of his address and, thus, failed to prosecute his action pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

**The case is DISMISSED for Plaintiff's failure to follow the Court's order requiring him to inform the Court of his current address; ECF No. 33; and for failure to prosecute under Fed. R. Civ. P. 41(b).** This dismissal is without prejudice to refiling a motion to reopen this case on or before **May 23, 2022.** Plaintiff's motion to reopen must show good cause for his failure to timely provide the Court with an updated address. If Plaintiff fails to file a motion to reopen that complies with this order by May 23, 2022, the Court will convert this dismissal into one with prejudice.

The Clerk is directed to close this case without prejudice.

**SO ORDERED** at Hartford, Connecticut, this 23rd day of February, 2022.

                                _/s/ Sarala V. Nagala_
                                SARALA V. NAGALA
                                UNITED STATES DISTRICT JUDGE